**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | INVOLUNTARY (DISMISSED) |
| EXPRESS CAR | : | |
| & TRUCK RENTAL, INC., | : | |
| | : | Bky. No. 09-15041 ELF |
| Former Debtor. | : | |
| | : | |
| | : | |
| | : | |
| IN RE: | : | Chapter 7 |
| | : | INVOLUNTARY (DISMISSED) |
| REPETE ASSOCIATES, | : | |
| | : | |
| Former Debtor. | : | Bky. No. 09-15042 ELF |
| | : | |

# M E M O R A N D U M

## I.

Margaret M. Stuski ("Ms. Stuski"), the sole petitioning creditor, filed the above involuntary chapter 7 bankruptcy cases against the former debtors, Express Car & Truck Rental, Inc. ("Express Car Rental") and Repete Associates ("Repete") (collectively, "the Former Debtors"). Both involuntary petitions were dismissed eleven (11) days later on motion of the Former Debtors. Subsequently, the court entered a judgment in the amount of $26,495.00 in favor of the Former Debtors and against Ms. Stuski, pursuant to 11 U.S.C. §303(i) ("the §303(i) Judgment").[1]

---

[1] Actually, an order granting a money judgment was entered separately in each involuntary case. Thus, it might appear from a cursory review of the dockets in the two bankruptcy cases that two separate money judgments of $26,495.00 were entered, one in favor of Express Car Rental and the other in favor of Repete. Because it was my intention to impose a single liability on Ms. Stuski, owed to the

(continued...)

Following the district court's dismissal of Ms. Stuski's appeal of the §303(i) Judgment,[2] Ms. Stuski filed a motion in each of the bankruptcy cases that she styled as a "Motion for Reconsideration Nunc Pro Tunc" (referred to in the singular as "the Motion"). The Motion is being treated as a one for relief under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b). The Former Debtors not only oppose the Motion, but also request an award of counsel fees under 28 U.S.C. §1927.[3]

I will deny the Motion because Ms. Stuski has articulated no cognizable ground for relief under Rule 60(b). I also will deny without prejudice the Former Debtors' request for an award of counsel fees.

## II.

The factual background of the parties' dispute and the procedural history of this case prior to the entry of the §303(i) Judgment is set forth in the court's Memorandum that accompanied the Judgment, and will not be repeated here. See In re Express Car & Truck Rental, Inc., 440

---

[1](...continued)
two former debtors jointly, I will refer to the two judgments as a single judgment.

[2]     Again, strictly speaking, there were two separate appeals filed, one for each bankruptcy case. Both appeals were dismissed by the district court.

[3]     28 U.S.C. §1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

B.R. 422 (Bankr. E.D. Pa. 2010). For present purposes, it suffices to pick up the procedural thread from the entry of the §303(i) Judgment on November 9, 2010.

On December 11, 2010, thirty-two (32) days after the entry of the §303(i) Judgment, Ms. Stuski filed separate notices of appeal to the U.S. District Court for the Eastern District of Pennsylvania in each of the involuntary cases. But see Fed. R. Bankr. P. 8002(a) ("notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment"). The appeals were assigned to two different district court judges.

On February 14, 2011, Chief Judge Bartle dismissed the Express Car Rental appeal "for failure to file timely an appellate brief." (See Bky. No. 09-15041, Doc. # 79). On April 7, 2011, on Repete's motion, Judge Davis dismissed the Repete appeal as untimely filed under Fed. R. Bankr. P. 8002(a). (See Bky. No. 09-15042, Doc. # 93).[4]

On March 28, 2011, after the dismissal of the Express Car Rental appeal but before the dismissal of the Repete appeal, Ms. Stuski filed the Motion in this court. (Bky. No. 09-15041, Doc. # 81; Bky. No. 09-15042, Doc. # 85).[5] Shortly thereafter, I entered an order in each case directing Ms. Stuski to file a memorandum:

a. identifying the subsection(s) of Fed. R. Civ. P. 60(b) under which she contended she was entitled to relief based upon the facts set forth in the Motion; and

b. setting forth legal argument and legal authority under Rule 60(b) in support of her contentions.

(Bky. No. 09-15041, Doc. # 82; Bky. No. 09-15042, Doc. # 86). The order also provided the

---

[4] See also In re Caterbone, 640 F.3d 108, 111-12 (3d Cir. 2011) (citing Bowles v. Russell, 551 U.S. 205, 209 (2007)) (by incorporation into 28 U.S.C. §158(c)(2), fourteen-day time limit in Fed. R. Bankr. P. 8002(a) is jurisdictional, and failure to appeal timely deprives reviewing court of jurisdiction).

[5] The same Motion was filed in each bankruptcy case.

Former Debtors with an opportunity to file a memorandum of law in opposition to the Motions.

The parties have submitted their respective memoranda of law and the matter is now ready for decision.

### III.

Rule 60(b) provides that a court can grant relief from final judgment for six enumerated reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A Rule 60(b) motion forces the court to balance the concerns of finality and justice." In re 400 Walnut Associates LP, 2011 WL 915328, at *8 (Bankr. E.D. Pa. Feb. 22, 2011) (citing Betterbox Communications, Ltd. v. BB Techs., Inc., 300 F.3d 325, 338 (3d Cir. 2002)). Rule 60(b) does not confer upon the district courts a "standardless residual discretionary power to set aside judgments." Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (internal emphasis omitted) (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir.

1977)). Rather, "[t]he remedy provided by Rule 60(b) is extraordinary and special circumstances must justify granting relief under it." Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986); accord 400 Walnut Associates LP, 2011 WL 915328, at *8; see generally Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346-47 (3d Cir. 1987) (collecting cases that both met and did not meet the extraordinary and special circumstances standard). For the trial court to entertain a motion for relief from a final judgment, the extraordinary and special circumstances must fall under one of the six grounds set forth in Rule 60(b). See, e.g., Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).

Rule 60(b) is not read liberally to give a disappointed party an opportunity to relitigate his or her case, revisit issues the court has already considered in its judgment, advance new arguments, or present facts that were otherwise available at the time of judgment. See, e.g., Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988); accord Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).[6]

Moreover, it is well settled in the Third Circuit that a Rule 60(b) motion is not intended to serve as a substitute for an appeal. Therefore, a court may not grant relief under Rule 60(b) when a party could have sought the same relief on direct appeal. See, e.g., Holland v. Holt, 409 F. App'x 494, 497 (3d Cir. 2010) (nonprecedential); Nunez v. Temple Prof'l Assocs., 245 F. App'x

---

[6] Ms. Stuski argues that courts have traditionally given Rule 60(b) a liberal interpretation in order to do substantial justice. (Stuski Mem. at 4). However, that principle applies to Rule 60(b) motions seeking relief from default judgments, not judgments entered on the merits after a contest. See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); see also Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951) ("Matters involving large sums should not be determined by default judgments if it can reasonably be avoided. . . . Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on that merits.") (emphasis added).

144, 148 (3d Cir. 2007); Evans, 853 F.2d at 158; Page, 786 F.2d at 154; Martinez-McBean, 562 F.2d at 911.

## IV.

### A.

The principles summarized in Part III.A. above, by themselves, justify the summary denial of all but one of the grounds for relief stated in the Motion.

Ms. Stuski makes the following arguments:

1. The court committed an error of law in dismissing the involuntary bankruptcy cases under 11 U.S.C. §303(i), rather than §303(j).  (Stuski Mem. Part C.I).[7]

2. In its factfinding, the court failed to take judicial notice of certain facts in the record.  (Stuski Mem. Part C.II).

3. The court's factfinding relating to the issue of liability was otherwise erroneous due to a failure to give proper weight to certain evidence in the record.  (Stuski Mem. Parts C.III, C.VI., C.VII.).

4. The court erroneously calculated the attorney's fees awarded by failing to deduct time for certain services that Ms. Stuski contends were unrelated to bankruptcy cases.  (Stuski Mem. Part C.IV).

5. The court committed a legal error by treating 11 U.S.C. §303(i) as a fee-shifting statute, rather than a "sanctions" statute, and therefore failed to consider the effect the award of attorney's fees would have on Ms. Stuski.  (Stuski Mem. Part C.V.).[8]

---

[7]   While I need not reach the merits of this argument, I do not wish to leave the impression that this argument is anything other than frivolous.  Ms. Stuski misunderstands 11 U.S.C. §303(i) and (j). By its plain language, §303(j) authorizes the dismissal of an involuntary bankruptcy petition, while §303(i)(1) provides for the award of attorneys' fees and costs under certain conditions if an involuntary petition is dismissed pursuant to §303(j).  Sections 303(i) and 303(j) are not alternative sources of authority for the dismissal of an involuntary bankruptcy petition.

[8]   This argument is hard to comprehend.  It is well-established that §303(i) is a fee-shifting
(continued...)

6. The outcome constitutes a "harsh injustice" that will "undermine the public's confidence in the judicial system." (Stuski Mem. Part. C.VIII.).

Ms. Stuski cites either Rule 60(b)(1) or (3) in support of the first five arguments. In support of the final argument listed above, Ms. Stuski invokes Rule 60(b)(6).

The first five grounds for relief are all based on Ms. Stuski's contention that the court either misapplied the evidence in the record and made erroneous findings of fact, or committed an error of law. Every one of these arguments raises issues that could have been considered on appeal. Yet, Ms. Stuski has presented no reason why this court should consider these arguments following the dismissal of her appeal.

In short, the first five grounds for relief articulated by Ms. Stuski present the classic situation of a party simply attempting to relitigate the merits of a final, non-appealable order. Ms. Stuski had a full and fair opportunity to litigate all of the issues in this court,[9] as well as an

---

[8](...continued)
provision. See, e.g., E.g., In re Miller, 444 B.R. 446, 469 (Bankr. N.D. Okla. 2011) ("'[c]ourts have construed and applied §301(i)(1) as a 'fee-shifting' statute, designed to transfer the costs of litigating the action to the nonmoving party'"); In re Int'l Mobile Adver. Corp., 117 B.R. 154, 158 n.1 (Bankr. E.D. Pa. 1990) ("one difference between [Fed. R. Bankr. P.] 9011 and §303(i) is that §303(i) is clearly a fee-shifting statute, while [Fed. R. Bankr. P.] 9011 is not"). The Rule 11 principle that the court may consider the ability to pay in fashioning a sanction is inapposite in the fee-shifting context of 11 U.S.C. §303(i).

[9] I am cognizant that Ms. Stuski seeks relief under Rule 60(b)(3), based on fraud. However, under Rule 60(b)(3), fraud and misrepresentation must be proven by clear and convincing evidence. Brown v. Pennsylvania R. Co., 282 F.2d 522, 527 (3d Cir. 1960). Additionally, the party's misconduct must have prevented the moving party from "fully and fairly presenting its defense," Bethel v. McAllister Bros., 81 F.3d 376, 384 (3d Cir. 1996), and must be must be material to the outcome of the lawsuit, see Bandai America, Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 73 (3d Cir. 1985) (citing Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983)).

Ms. Stuski has not articulated any factual basis supporting her contentions that misconduct by the Former Debtors' attorneys prevented her from fully and fairly presenting her case or that she would have prevailed had the alleged omissions been disclosed. See, e.g., Bandai America, 775

(continued...)

opportunity to appeal this court's adverse decision. She has not articulated any extraordinary circumstances that outweigh the principle of finality that is firmly embedded in our system of justice. Therefore, I summarily reject the first five grounds she alleges for relief under Rule 60(b).

**B.**

Ms. Stuski's final ground for relief stands on somewhat different footing in that she appeals to the conscience of the court to grant relief in order to prevent what she considers to be a grossly unfair result, a miscarriage of justice.

Rule 60(b)(6) is reserved solely for those "extraordinary circumstances" for which relief from Rule 60(b)(1)-(5) is unavailable. Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008); Stradley, 518 F.2d at 493; see also Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 256 (3d Cir. 1986). These standards are stringent in order to accommodate the significant interest in the finality of final judgments. See, e.g., Budget Blinds, 536 F.3d at 255.

In this Circuit, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Id. Extraordinary circumstances include, for example, a request to set aside a default judgment because the movant was jailed without funds to hire a lawyer, and thus without any reasonable opportunity to defend his case.

---

⁹(...continued)
F.2d at 73. Instead, she argues that the Debtors failed to present certain information that she considers relevant and essential to an award of counsel fees. But, she has not explained how the Former Debtors' conduct prevented her from fully presenting her own case or otherwise rose to the level of "fraud." A fair reading of the Motion suggests nothing more than that Ms. Stuski has a factual dispute with the Former Debtors. See Daniel v. Roussel, 258 F. App'x 692, 695 (5th Cir. 2007).

Klapprott v. United States, 335 U.S. 601, 613-14 (1949). Extraordinary circumstances do not include failure to appeal. E.g., Ackermann v. United States, 340 U.S 193, 197 (1950). Nor do they include the time bars of Rules 59 and 60(b)(1)-(3), Stradley, 518 F.2d at 494, legal error, Martinez-McBean, 562 F.2d at 912, or a failure to present evidence available at the outset, Moolenaar, 822 F.2d at 1347.

The Motion does not present any exceptional circumstances warranting the relief Ms. Stuski requests.

Ms. Stuski presents herself as an individual who is experiencing financial difficulty and who is very distressed by the entry of a considerable money judgment against her that she considers to be unjust. But that does not distinguish her from many unsuccessful litigants in our legal system. In effect, she invokes Rule 60(b)(6) in order to relitigate the merits of a final judgment because the case is very important to her and she believes with all of her heart that the outcome was unfair – even though the arguments she raises fall under other subsections of Rule 60(b) and she offers no explanation for her failure to diligently pursue her appellate rights following the entry of the §303(i) Judgment. Rule 60(b)(6) was not designed for that purpose. Her argument that the outcome of the final judgment is unjust does not fall within the ambit of Rule 60(b)(6). As the Third Circuit has stated, even if a district court finds that "it would be unjust, inequitable, unfair, and a gross miscarriage of justice" to not vacate its own judgment in response to a Rule 60(b) motion, such an inequitable result "is not the standard by which a district court's discretionary power to set aside judgments is measured." Moolenaar, 822 F.2d at

1347.[10]

## V.

The denial of the Motion leaves one last matter at issue: the Former Debtors' request for counsel fees under 28 U.S.C. §1927, which authorizes a court of the United States to award attorney's fees and costs for conduct that "multiplies the proceedings in any case unreasonably and vexatiously."  Id.  The Former Debtors made this request in their memorandum of law in opposition to the Motion.

The Former Debtors' request is procedurally defective.   The rules of court require that a party seeking relief from the court file a motion.  Fed. R. Bankr. P. 9013 ("A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing").  The Former Debtors made their request for counsel fees by adding a section to their memorandum of law filed in response to the Motion.  This does not comply with Rule 9013.

I also fail to see the point of the Former Debtors' invocation of §1927, a statute that requires "a finding of willful bad faith."  In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 181 (3d Cir. 2002) (quoting Hackman v. Valley Fair, 932 F.2d 239 (3d

---

[10]    The Former Debtors also assert that the Motion should be denied as untimely filed.  Rule 60(c)(1) provides:

> A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Because I deny the Motion on other grounds, I do not decide the timeliness issue.

Cir. 1991)).  I have already held that the Former Debtors are entitled to reasonable counsel fees incurred in litigating their entitlement to counsel fees under 11 U.S.C. §303(i).  See <u>Express Car & Truck Rental</u>, 440 B.R. at 436.  That principle also would seem to apply to the reasonable counsel fees incurred in defending the Motion, making it unnecessary to engage in an inquiry whether Ms. Stuski acted in bad faith.

Therefore, I will deny the Former Debtors' request for counsel fees without prejudice.

**V.**

For the reasons explained above, I conclude that Ms. Stuski has failed to present any argument cognizable under Fed. R. Civ. P. 60(b) and that the Motion must be denied.

An appropriate order follows.

Date:  <u>August 22, 2011</u>

                                      **ERIC L. FRANK**
                                      **U.S. BANKRUPTCY JUDGE**